UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JERRY A. REYNOLDS AND STEVEN LOUPE, | ) ) ) | |
| Plaintiffs, | ) ) ) | 25-4162 |
| v. | ) ) | |
| SCHUYLER COUNTY STATE'S ATTORNEY AND SCHUYLER COUNTY COURTHOUSE, *et al.* | ) ) ) ) ) | |
| Defendants. | ) | |

**<u>MERIT REVIEW ORDER</u>**

Plaintiffs, proceeding pro se, both civil detainees at the Rushville Treatment and Detention Facility ("TDF" or "Rushville") are requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. Section 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, even if part of the filing fee has been paid. 28 U.S.C. § 1915(e)(2)(B). This Court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiffs allege that they are married. They allege that another TDF resident filed in 2021 a petition for dissolution of marriage in state court on their behalf without their knowledge. According to exhibits provided, the state court granted the petition on July 6, 2021, after a hearing in which Plaintiff Reynolds appeared via Zoom.

Plaintiffs sued the Schuyler County State's Attorney's Office and Schuyler County Courthouse. Plaintiffs do not allege how the State's Attorney's Office was involved in their allegedly fraudulent divorce proceedings. Any prosecutor employed by that office would have absolute immunity for any actions taken in his or her capacity as a prosecutor, and Plaintiffs do not allege that any deprivation they suffered resulted from a county policy. *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017); *Monell v. Dep't of Social Srvcs. of City of New York*, 436 U.S. 658 (1978). The Schuyler County Courthouse is not a "person" amenable to suit under 42 U.S.C. § 1983. *See Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (holding the Cook County Jail was not a person under Section 1983).

Plaintiffs' claims are also time-barred because they waited more than four years to file this lawsuit. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2014) ("Section 1983 suits in Illinois have a two-year statute of limitations, which is tolled while the prisoner exhausts the administrative grievance process.") (citation omitted); *Liberty v. City of Chicago*, 860 F.3d 1017, 1019 (7th Cir. 2017).

The Court finds that Plaintiffs fail to state a claim. The Court would ordinarily permit Plaintiffs an opportunity to amend their complaint, but any amendment they could make would be futile. The Court will dismiss this case.

### Plaintiffs' Motion to Have All Personal Property Returned (Doc. 11)

Plaintiffs seek a court order directing TDF officials to return all personal property. Because the Court found that Plaintiffs failed to state a claim and issues related to personal property were not raised in this lawsuit, Plaintiffs' motion is denied. *Foodcomm Int'l v Barry*, 328 F.3d 300, 303 (7th Cir. 2003); *Pacific Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint.").

### Plaintiffs' Motion for Retaliation (Doc. 12)

Plaintiff Loupe alleges that TDF officials retaliated because she reported that another resident had sexually harassed her. These allegations are unrelated to those presented in this case, and the Court lacks authority to grant relief. Plaintiff Loupe's motion is denied.

### Plaintiffs' Motion (Doc. 14)

Plaintiffs seek additional time to conduct discovery and complete other tasks associated with a petition to proceed in forma pauperis. Pursuant to the ruling above, Plaintiffs' motion is denied as moot.

**IT IS THEREFORE ORDERED:**

1) **Plaintiffs' Petition for Leave to Proceed in forma pauperis [10] is DENIED.**

2) **Plaintiffs' Motions [11][12][14] are DENIED.**

3) **Plaintiffs' complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

4) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 13th day of March, 2026.

*s/Sara Darrow*
SARA DARROW
UNITED STATES DISTRICT JUDGE
